IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| TULSI BHOODAI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 3:19-CV-111 (CAR) |
| | : | |
| GARANT-MASCHINENHANDEL GMBH | : | |
| and WINDMOLLER & HOLSCHER KT, | : | |
| | : | |
| Defendants. | : | |

## ORDER ON MOTION TO INTERVENE

This is a products liability tort action arising out of injuries Plaintiff Tulsi Bhoodai sustained while he was operating a machine at his place of employment. Plaintiff sues Defendants Garant-Machinenhandel GMBH and Windmoller & Holscher KT, the manufacturers of the machine he alleges caused his injuries. Currently pending before the Court is a Motion to Intervene by Employers Assurance Company, the workers' compensation insurer for Plaintiff's employer, to enforce a statutory subrogation lien. Plaintiff and Defendants do not oppose the Motion. For the reasons discussed below, the Motion to Intervene [Doc. 11] is **GRANTED**.

## I. BACKGROUND

Plaintiff filed this suit to recover for injuries he sustained after feeding paper into

a machine at his place of employment in Athens, Georgia. At the time of the accident, Plaintiff was acting within the scope of his employment, and Employers Assurance paid him medical and indemnity benefits pursuant to the Georgia Worker's Compensation Act. Employers Assurance now seeks to intervene in this action in order to preserve its statutory subrogation lien under O.C.G.A. § 34-9-11.1.

## II.  DISCUSSION

Employers Assurance seeks to intervene pursuant to Federal Rule of Civil Procedure 24(a). A party is entitled to intervene as a matter of right if, on a timely motion, the intervenor is one who

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[1]

Employers Assurance contends that it is entitled to intervene as a matter of right under subsection (2) because it has an interest in the case that will be impaired if it does not intervene. The Court agrees. First, O.C.G.A. § 34-9-11.1 provides Employers Assurance a statutory subrogation lien for workers' compensation benefits it has paid to Plaintiff, so

---

[1] Fed. R. Civ. P. 24(a).

long as Plaintiff is fully and completely compensated for his injuries. This subrogation lien constitutes an "interest relating to the property or transaction that is the subject of the action." [2] Second, disposition of the action may impair or impede Employers Assurance's ability to protect its interest in the subrogation lien.[3] Third, Plaintiff does not adequately represent Employers Assurance's interest in its subrogation lien.[4] Finally, Employers Assurance's Motion to Intervene is timely. Thus, the Court finds that Employers Assurance is entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2).

Employers Assurance concedes that it would have limited participation at trial because there is a legitimate chance of prejudicing Plaintiff's case if evidence of payments from a collateral source is produced to the jury. The Court does not find it necessary to specifically delineate the boundaries of Employer Assurance's trial participation at this time, but it will do so if and when such time arises.

## CONCLUSION

For the reasons expressed herein, Employers Assurance Company's Motion to Intervene [Doc. 11] is hereby **GRANTED.** Employers Assurance is hereby **DIRECTED**

---

[2] Fed. R. Civ. P. 24(a)(2).
[3] *See, e.g., Lee v. Genie Indus., Inc.*, No. 3:07-CV-47(CDL), 2007 WL 3284873 at *2 (M.D. Ga. Nov. 6, 2007); *Cribb v. Wes-Flo, Co.*, No. 7:06-CV-60(HL), 2006 WL 2982591, at *2 (M.D. Ga. Oct. 18, 2006).
[4] *See Lee*, 2007 WL 3284873, at *2.

to electronically file its Complaint-in-Intervention [Doc. 11-2] as a separate document on the docket.

**SO ORDERED.** This 8th day of April, 2020.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT